IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Fredrick L. Sellers, ) | Civil Action No.: 5:20-cv-01683-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan K. Dobbs, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal prisoner proceeding pro se, commenced this action by filing a habeas petition pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. Currently pending is Respondent's motion for summary judgment. ECF No. 32. This motion is before the court with the Report and Recommendation of Magistrate Judge Kaymani D. West, filed on July 7, 2021.[1] ECF No. 40.

In the Report and Recommendation, the Magistrate Judge recommended granting Respondent's motion for summary judgment concluding that the court lacks jurisdiction to consider Petitioner's § 2241 petition as he cannot show that a motion to vacate under 28 U.S.C. § 2255 is inadequate to test the legality of his sentence. On July 29, 2021, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. ECF No. 46.

**Legal Standards**

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which specific written objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of ***timely filed*** specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

**II.     Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See*

*Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

The Court agrees with the Magistrate Judge that the Court lacks jurisdiction to consider Petitioner's § 2241 petition because Petitioner cannot show that § 2255 is inadequate to test the legality of his conviction and sentence. Petitioner claims that his convictions under 18 U.S.C. § 922(g) of being a felon in possession of a firearm are invalid under the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Petitioner asks the Court to vacate his convictions and sentence. ECF No. 1-2 at 9.

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); *Davis v. United States*, 417

U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); *see United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *In re Jones*, 226 F. 3d 328, 333 (4th Cir. 2000). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a <u>conviction</u> when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 328 F.3d at 333-34.

Similarly, the Fourth Circuit has also established a savings clause test under § 2255 for a petitioner who contests his <u>sentence</u>. *Wheeler*, 886 F.3d at 429. Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error

sufficiently grave to be deemed a fundamental defect.

*Id*. at 429.

A court lacks jurisdiction to consider a § 2241 petition unless the petitioner can satisfy the conditions set forth above in *Jones* or *Wheeler*. *See Asar v. Travis*, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) ("Asar I") ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or *In re Jones*"), *adopted by* 2020 WL 3843638 (D.S.C. July 8, 2020) ("Asar II"). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting *Wheeler*, 886 F.3d at 425). Petitioner bears the burden of proving subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law regarding convictions under 18 U.S.C. § 922(g). In other words, being a felon in possession of a firearm is still illegal and remains a valid criminal offense. *See*, *e.g.*, *Allen v. Dobbs*, 855 F. App'x 162, 163 (4th Cir. 2021); *Asar II*, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); *Hoffman v. Breckon*, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the crime for which he was

convicted remains a criminal offense, and therefore, he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Petitioner cannot establish that § 2255 is inadequate because he fails to meet the second prong of the *Jones* test for use of § 2255's savings clause. Specifically, he cannot demonstrate that the conduct for which he was convicted - being a felon in possession of a firearm - is no longer a crime. *See Jones*, 328 F.3d at 334. Likewise, Petitioner cannot satisfy the second prong of the *Wheeler* test. *Wheeler*, 886 F.3d at 429. The U.S. Supreme Court has not indicated that *Rehaif* was retroactively applicable to cases on collateral review. Therefore, Petitioner may not proceed under § 2241.

Accordingly, this Court lacks jurisdiction over Petitioner's claim. *See Wheeler*, 886 F.3d at 423; *see also Prince v. Warden of Bennettsville Fed. Corr. Inst.*, No. 8:20-cv-00823, 2020 WL 3318294, at *3 (D.S.C. Mar. 23, 2020) ("Because Petitioner cannot show that the conduct for which he was convicted is no longer criminal, he cannot satisfy the second element of the savings clause test and this Court lacks jurisdiction over his Petition."), *adopted by* 2020 WL 3316088 (D.S.C. June 18, 2020).

## Conclusion

Based upon the foregoing, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R, ECF No. 40. Accordingly, the Court

**GRANTS** Respondent's motion for summary judgment, ECF No. 32, and **DISMISSES** Petitioner's § 2241 petition.

**IT IS SO ORDERED.**

September 7, 2021  　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge